IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02069-MSK-MEH

GERALD JOSEPH CESSAR,

      Plaintiff,
v.

P. BROOKS, #1305,
M. DALY, #1437,
W. HUDSON, Jefferson County Sheriff Deputy, and
OTHER UNKNOWN PERSONS,

      Defendants.

## ORDER ON MOTION FOR RECUSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Recusal [Docket #54]. Plaintiff requests that I recuse myself from this case under the standards of Canon 3(L)(1)(a) of the Colorado Code of Judicial Conduct. Because I am a United States Magistrate Judge, not a state court judge, I will consider his motion under the appropriate standard of 28 U.S.C. § 455(a), which provides, in pertinent part, "[a]ny . . . magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The standard for impartiality under 28 U.S.C. § 455 is an objective one, requiring recusal only if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted). In this case, recusal is not appropriate. Based on the facts alleged in Plaintiff's recent motion, he has not demonstrated that a reasonable person would question my impartiality. Plaintiff's entire argument centers around his displeasure with my rulings and his desire to instead have United States District Judge Marcia S. Krieger rule on his motions. However, Judge Krieger has referred these motions

to me pursuant to the Local Rules, and "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  Plaintiff's arguments are an insufficient basis for a recusal. *See United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (holding that a judge has just as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require).

Accordingly, for the reasons stated above, Plaintiff's Motion for Voluntary Recusal of Judge or, in the alternative, for Substitution of Judge [Filed May 17, 2006; Docket #54] is **denied**.

Dated at Denver, Colorado this 19th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge