IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02069-MSK-MEH

GERALD JOSEPH CESSAR,

    Plaintiff,

vs.

P. BROOKS, #1305, *et al.*,

    Defendants.

_____

**ORDER ON JEFFERSON COUNTY DEFENDANT'S
MOTION TO COMPEL**
_____

    Defendants associated with Jefferson County have filed a Motion to Compel (Docket #58). The matter is briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, the Court **grants** the Motion to Compel in its entirety.

**I.**     **Facts**

    This lawsuit arises out of Plaintiff's arrest at his home on January 12, 2004. He contends that the arresting officers used excessive force and, further, that he was not provided adequate medical care after the arrest. He brings his claims under 42 U.S.C. § 1983.

    Defendants submitted discovery requests to Plaintiff. Defendants allege Plaintiff's responses are inadequate, and they seek to compel more complete responses.

**II.**     **Discussion**

    **A.**     **Law Governing *Pro Se* Prisoner Litigation**

    Although Plaintiff is an incarcerated person, he must abide by the Federal Rules of Civil Procedure to the same extent as any other litigant. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

1987). Plaintiff is cautioned that failure to comply with the Federal Rules of Civil Procedure or the orders of this Court may result in dismissal of his lawsuit with prejudice. *See Simmons v. Abruzzo*, 49 F.3d 83, 88 (2nd Cir. 1995) (holding that the court may dismiss lawsuit with prejudice for failure to comply with discovery requirements if the court finds willfulness, bad faith, or fault on the part of the refusing party, and the court has given notice to the refusing party that violation of the court's order will result in a dismissal of the case with prejudice) (citing cases).

### B.      Plaintiff's Responses to Discovery Requests

The Court will discuss the individual items in the order of Defendants' Motion to Compel:

### A.      Interrogatory #3

Defendants ask Plaintiff to identify any injury to his ribs, arms, hips, shoulders, or legs *prior to* the arrest at issue in this case. In response, Plaintiff described the injuries he alleges occurred *during* the arrest. The Court believes that this is an appropriate question. If, after he responds, Plaintiff develops more information with regard to pre-existing injuries, he may supplement or amend his response. Therefore, the Motion to Compel will be granted as to this Interrogatory, and Plaintiff is directed to fully and completely respond.

### B.      Interrogatory #5

Defendant seeks information about the amount and nature of damages sought by the Plaintiff in this lawsuit. Plaintiff states that he cannot submit information about his damages until he has an attorney. The period for discovery in this case has closed. The Court cannot wait for appearance of counsel. If, after he responds, Plaintiff develops more information with regard to his damages, he may supplement or amend his response. Therefore, the Motion to Compel will be granted as to this Interrogatory, and Plaintiff is directed to fully and completely respond.

      C.      Interrogatory #6

Defendant seeks information related to any grievances Plaintiff filed regarding his arrest or the failure to provide adequate medical treatment. Plaintiff states that he cannot submit his grievances until the Department of Corrections and its officers cooperate with him. If Plaintiff does not have the requested information, he must so state. If he has some but not all of the documents and information, he must identify those documents and information. Therefore, the Motion to Compel will be granted as to this Interrogatory, and Plaintiff is directed to fully and completely respond.

      D.      Interrogatory #7

Defendant seeks identification of all documents and evidence supporting Plaintiff's claim for damages. Plaintiff states that he cannot respond until some unidentified investigator assists him. Again, discovery is closed, and now is the time for all relevant information to be provided. Therefore, the Motion to Compel will be granted as to this Interrogatory, and Plaintiff is directed to fully and completely respond.

      E.      Interrogatory #8

Defendant seeks information about any "kite" that Plaintiff prepared, drafted, filed, or requested relating to the alleged injuries suffered during the arrest. Plaintiff states that he cannot submit his kites until the Department of Corrections and its officers cooperate with him. As with Interrogatory #6, if Plaintiff does not have the requested information, he must so state. If he has some but not all of the documents and information, he must identify those documents and information. Therefore, the Motion to Compel will be granted as to this Interrogatory, and Plaintiff is directed to fully and completely respond.

F.  Interrogatory #10

Defendant seeks an accounting of any example of excessive force used by four named deputies during the arrest. Plaintiff states that he is awaiting the report of an unidentified investigator to provide this information. As with Interrogatory #7, discovery is closed, and now is the time for all relevant information to be provided. If, after he responds, Plaintiff develops more information with regard to the nature and type of excessive force allegedly used against him, he may supplement or amend his response. Therefore, the Motion to Compel will be granted as to this Interrogatory, and Plaintiff is directed to fully and completely respond.

G.  Interrogatory #12

Defendant seeks a statement describing the time that Plaintiff was awakened by Jefferson County law enforcement officers during the course of his arrest. Plaintiff responds that he will not answer this Interrogatory until trial. Plaintiff's response is completely inappropriate. "The purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . . Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . . ." Fed. R. Civ. P. 26(f) advisory committee's note (1983 amendment). The Motion to Compel will be granted as to this Request.

Plaintiff is directed to provide his responses on or before **August 1, 2006**. Failure to do so may result in sanctions as noted above. The Court denies the request for attorney's fees and costs.

**III.  Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendants' Motion to Compel [Filed June 6, 2006; Docket #58] is **granted**.

Dated at Denver, Colorado, this 13th day of July, 2006.

4

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge