IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02069-MSK-MEH

GERALD JOSEPH CESSAR,

        Plaintiff,

v.

P. BROOKS (#1305),
M. DALY (#1437),
HUDSON (FIRST NAME UNKNOWN), Jefferson County Sheriff, and
OTHER UNKNOWN PERSONS,

        Defendants.

---

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on a Motion for Summary Judgment filed by Defendants Brooks, Daly and Hudson **(#52)**. Having considered the motion, the Plaintiff's response **(#60)**, and the reply **(#62)**, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Procedural History

The Plaintiff, Gerald Cessar, claims violations of his civil rights by the Defendants pursuant to 42 U.S.C. § 1983. His Second Amended Complaint **(#11)** filed December 15, 2005 asserts the following five claims for relief:

    1.    The Defendants subject him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution when they applied excessive force during his arrest.

    2.       The Defendants applied excessive force during his arrest.

    3.       Defendants Brooks and Daly failed to protect him from Defendant Hudson's application of excessive force during his arrest.

    4.       After injuring him during his arrest, the Defendants and other staff at the Jefferson County Jail failed to treat his injuries.

    5.       The Defendants engaged in extreme and outrageous conduct.

The Defendants move for summary judgment **(#52)** on all claims, and assert entitlement to qualified immunity. The Plaintiff filed a *pro se* objection to the motion **(#60)**, and the Defendants filed a reply **(#62).** The motion was fully briefed as of June 29, 2006. However, the Court deferred ruling on the motion because the Plaintiff obtained counsel, who entered an appearance **(#69)** on August 28, 2006. At counsel's request **(#70)**, the Magistrate Judge authorized **(#74)** a supplemental response to the motion for summary judgment and extended the deadline for filing such response to December 4, 2006. The Plaintiff filed no supplemental response, nor did he timely move for any further extension of time to do so.

The Court also notes the following facts. The matter is currently set for a final pretrial conference on December 8, 2006. The Pre-Trial Preparation and Trial Setting Order **(#29)** required both parties to prepare and submit a proposed pretrial order. The Plaintiff has failed to do so.

### III. Issue Presented

The issue presented is whether a trial is required on any of Mr. Cessar's claims.

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie*

claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

At the time he filed his response, Mr. Cessar was *pro se*. Therefore, the Court construes his Second Amended Complaint and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is not required to be Mr. Cessar's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### V. Analysis

The movants are the Defendants. They contend that Mr. Cessar cannot prove any of his claims and that they are entitled to qualified immunity. They further assert that Mr. Cessar cannot demonstrate that he exhausted administrative remedies on all of his claims.

Mr. Cessar has the burden of proof on his constitutional claims. He also bears the burden of proof with regard to the defense of qualified immunity – he must prove both a constitutional violation and that the law was clearly established at the time of the alleged violation. *See Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir. 1999). Finally, he bears the burden of demonstrating that he exhausted administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003). To proceed to trial, Mr. Cessar must come forward with sufficient competent evidence to satisfy these burdens.

Mr. Cessar initially filed an objection to the Defendants' motion but neither identified in the record nor submitted evidence to establish that which he is obligated to prove. The Court delayed in ruling on the pending motion for summary judgment to allow Mr. Cessar's counsel to

supplement his response and set a deadline to do so. No supplementation has been submitted. As a consequence, the Court concludes that Mr. Cessar has failed to demonstrate that he has appropriately exhausted his remedies, that he has a *prima facie* case to be presented at trial or that the individually named defendants are not entitled to qualified immunity.

**IT IS THEREFORE ORDERED** that:

(1) The Motion for Summary Judgment filed by Defendants Brooks, Daly and Hudson **(#52)** is **GRANTED**.

(2) The final pretrial conference set for December 8, 2006, and the trial set for February 5, 2007, are **VACATED**.

(3) Because no other Defendants have been named or served in this action, the Clerk of Court is directed to close this case.

(4) Judgment shall enter in favor of the Defendants and against the Plaintiff.

Dated this 8th day of December, 2006

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge