IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02069-MSK-MEH

GERALD JOSEPH CESSAR,

        Plaintiff,

v.

P. BROOKS (#1305), Deputy Sheriff Jefferson County,
M. DALY (#1437), Deputy Sheriff Jefferson County,
HUDSON, Deputy Sheriff Jefferson County (first name unknown), and
OTHER UNKNOWN PERSONS,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS

THIS MATTER comes before the Court on the Plaintiff's Combined Rule 60(b) Motion to Reconsider and Rule 15 Motion to Amend Pleadings **(#89-3)** and the Plaintiff's Motion to Stay Judgment **(#90)**. The Defendants filed responses in opposition to both motions **(#103, #104)**, and the Plaintiff filed a reply in support of his combined motion **(#108).** Having considered the same, the Court

        **FINDS** and **CONCLUDES** that:

The Defendants moved for summary judgment on May 11, 2006 **(#52)**. They argued that the Plaintiff could not prove any of his claims, nor could he prove that he exhausted administrative remedies prior to asserting them in this lawsuit.

On June 14, 2006, the Plaintiff filed a *pro se* objection **(#60)** to the Defendants' motion, but he did not identify any evidence in the record, nor did he submit any evidence, to establish that

which he was obligated to prove. The Plaintiff then retained counsel. On August 28, 2006, his counsel moved for a 75-day extension of time to respond to the summary judgment motion. The Court granted the motion and set a deadline of December 4, 2006 to respond, which was four days before the scheduled final pretrial conference, and 63 days before the scheduled trial date of February 5, 2007.

Counsel filed no supplemental response in opposition to the summary judgment motion. Consequently, the Plaintiff failed to meet his burden of production, and the Court granted the summary judgment motion on December 8, 2006 **(#85)**.

After the entry of judgment, the Plaintiff filed two motions. First, he filed a Combined Rule 60(b) Motion to Reconsider and Rule 15 Motion to Amend Pleadings **(#89-3)**, which was accompanied by an Amended Response to Motion for Summary Judgment **(#89-4)**. He also filed a Motion to Stay Judgment **(#90)**. The Defendants oppose both motions.

**A.  Rule 60(b)**

Pursuant to Fed. R. Civ. P. 60(b):

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

The Plaintiff's motion is premised solely upon subsections (3) and (6) of this rule.

**Rule 60(b)(3)**

Relying upon Rule 60(b)(3), the Plaintiff asserts that the Court's summary judgment ruling was based upon the Court's acceptance of the Defendants' "fraudulent" version of events. In particular, he states that: (1) the Defendants failed to disclose certain facts or evidence in their summary judgment briefing; (2) affidavits submitted by the Defendants are inconsistent with deposition testimony; (3) the Defendants were inconsistent in their discovery responses; (4) the Defendants did not explain how the Plaintiff broke his ribs; and (5) one of the Defendants was evasive in responding to questions. The Defendants respond that the Plaintiff has not shown that the judgment should be set aside under this rule.

Rule 60(b)(3) "is aimed at judgments which were unfairly obtained." *Zurich North America v. Matrix Service, Inc.,* 426 F.3d 1281, 1290 (10th Cir. 2005) (quotations and citation omitted). To obtain relief under Rule 60(b)(3), a party must first establish, by clear and convincing evidence, that the opposing party intended to deceive or defraud the Court. *Id.* The party must then show that the opposing party's fraudulent behavior substantially interfered with their ability to prepare for trial. *Id.*

The Court first notes that Rule 60(b)(3) has no obvious application to this context, because the Plaintiff does not contend that the Defendants interfered with his ability to respond to the motion for summary judgment. Assuming it applies, however, the Plaintiff's Rule 60(b)(3) motion demonstrates a fundamental misunderstanding about the Court's summary judgment ruling. It was neither the quality, nor quantity, of evidence submitted by the Defendants which caused the Court to grant the motion for summary judgment. *See* Fed. R. Civ. P. 56(b) (defending party can move for summary judgment without supporting affidavits). Instead, it was

the Plaintiff's failure to meet his burden of producing any evidence in response to the Defendants' motion. The Court was not concerned with whether the Defendants painted the entire picture (or a truthful picture) of what occurred, but instead with the fact that the Plaintiff never brought out his paint brush.[1] Thus, the judgment was not unfairly obtained by the Defendants through their summary judgment submissions.

### Rule 60(b)(6)

Relying upon Rule 60(b)(6), the Plaintiff asserts that the judgment should be set aside because Defendant Brooks: (1) was subject to two internal affairs investigations; (2) was sued in another lawsuit for his exercise of force; and (3) was part of a select group of deputies charged with strictly enforcing jail rules. The Plaintiff also asserts that his attorney was negligent in failing to move for an additional extension of time to respond to the summary judgment motion. In response, the Defendants argue that the Plaintiff's motion should be evaluated under Rule 60(b)(1), which addresses excusable neglect by counsel. They contend that under this standard, there is no basis to set aside the Court's summary judgment ruling.

Courts should grant relief under Rule 60(b)(6) only in extraordinary circumstances. *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996). A court may not grant relief under Rule 60(b)(6) for any of the specific grounds specified in Rule 60(b)(1) through (5). *Id.* However, "the rule

---

[1] The Plaintiff also never filed a motion requesting an extension of time under Fed. R. Civ. P. 56(f), which provides:
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

should be liberally construed" to serve "substantial justice." *McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir. 2006) (citation and quotations omitted).

The Plaintiff apparently believes that he has evidence which shows that Defendant Brooks had a propensity to use excessive force. Even assuming this is true, and assuming the evidence would be admissible at trial under Fed. R. Evid. 404(b) and not excluded under another evidentiary rule, it is not a basis for extraordinary relief under Rule 60(b)(6).

The Plaintiff's attorney offers several reasons for his failure to timely file a response to the summary judgment motion or a motion for an extension of time. Counsel states that the summary judgment response would have been his third lengthy research brief in a row, he had voluminous discovery to review, he underestimated the amount of time and research needed to respond, he is a sole practitioner with "no court appearance, legal research or word processing assistance," and he was involved in an automobile accident on November 28, 2006, in which he totaled his car.

Such reasons cannot justify relief under Rule 60(b)(6), because they fall expressly within the purview of Rule 60(b)(1). Therefore, the Court can only consider whether counsel's failure to file a response brief amounts to "excusable neglect." In making such determination, the Court considers several factors, such as whether the delay was prejudicial to the opposing party, the length of counsel's delay, how the delay potentially impacted the judicial proceedings, the reasons given for the delay, whether the delay was within the reasonable control of the Plaintiff or his counsel, and whether the Plaintiff acted in good faith. *See Jennings v. Rivers,* 394 F.3d 850, 856 (10th Cir. 2005). Among all factors, however, fault for the delay is "perhaps the most important single factor[.]" *Id.*

The Plaintiff has not shown that his counsel's failure to file a response or otherwise move

5

for another extension of time by the December 4, 2006 deadline, was the result of excusable neglect. Counsel does not state that he did not know about the December 4, 2006 deadline. Quite to the contrary, the deadline was extended to that date upon counsel's request during the previous August, when counsel represented to the Court that he had received a copy of the summary judgment motion but needed 75 more days to respond to it. Thus, he should have known what steps he needed to take to respond to the motion.

The Court extended the deadline for filing a supplemental response to four days before the final pretrial conference, but could not extend the deadline any further without delaying resolution of the entire case. An additional extension of time would have been prejudicial to the Defendants, whose motion for summary judgment had been pending for almost seven months by the time the Court ruled on it. If the Court had granted the Plaintiff another extension of time, it would have delayed the Court's ruling on the motion, and perhaps even prevented a ruling prior to the February 5, 2007 trial.

Of all the reasons given by counsel for the delay, the automobile accident on November 28, 2006, comes closest to providing a justifiable excuse for the delay. However, counsel states only that his car was totaled; he does not claim to have suffered any injury, nor that the accident prevented him from working. Therefore, the Plaintiff has not demonstrated excusable neglect by his counsel such that the Court should set aside the judgment against him.

**B. Rule 15**

The Plaintiff asks, in the alternative to relief under Rule 60(b), that the Court allow him to amend his response to the summary judgment motion under Fed. R. Civ. P. 15(a). Rule 15(a) addresses amendment of pleadings. Rule 15(a) is inapplicable to a response to a motion for

summary judgment. Fed. R. Civ. P. 7; *Sorbo v. United Parcel Service,* 432 F.3d 1169 (10th Cir. 2005). In addition, because the Court has not set aside the judgment under Rule 60(b), there is no utility in an amended response at this juncture.

## C. Motion to Stay Judgment

The Plaintiff moves to stay the judgment until the Court has ruled on his combined motion. As discussed *supra*, the Court is denying the Plaintiff's combined motion. The motion to stay the judgment is, therefore, moot.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's Combined Rule 60(b) Motion to Reconsider and Rule 15 Motion to Amend Pleadings **(#89-3)** is **DENIED.**

(2) The Plaintiff's Motion to Stay Judgment **(#90)** is **DENIED,** as moot.

Dated this 30th day of July, 2007

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge